Marc J. Randazza (Nevada Bar No. 12265)
Ronald D. Green (Nevada Bar No. 7360)
RANDAZZA LEGAL GROUP
mjr@Randazza.com
rdg@Randazza.com
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662
www.Randazza.com

Attorneys for Plaintiff,
*BBIP, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BANGBROS.COM, INC., a Florida corporation; and BBIP, LLC, a Florida Limited Liability Company,<br><br>          Plaintiff,<br><br>vs.<br><br>JAY THOMAS, an individual; and STRATIS MARKETING SOLUTIONS, INC., a Nevada corporation,<br><br>          Defendants. | Case No.<br><br>**Complaint** |

## **COMPLAINT**

For their Complaint against Defendants Jay Thomas and Stratis Marketing Solutions, Inc. ("Stratis"), Plaintiffs BangBros.com, Inc., and BBIP, LLC (collectively, "Plaintiffs" or "BangBros") complain and allege as follows:

### NATURE OF ACTION

This is an action for cybersquatting, trademark infringement, and unfair competition under the federal Lanham Act, with pendent claims for common law trademark infringement, state deceptive trade practices, intentional interference with prospective economic advantage,

Randazza
Legal Group
6525 W. Warm Springs
Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

- 1 -

and breach of contract.  Plaintiff seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

**JURISDICTION**

1.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2.     This Court has personal jurisdiction over Defendant Jay Thomas based upon the following: (a) he is a resident of the State of Nevada; (b) he operates websites on the Internet that are accessible to residents of the State of Nevada; and (c) Defendant Jay Thomas committed tortious acts that he knew or should have known would cause injury to Plaintiff BBIP in the State of Nevada.

3.     This Court has personal jurisdiction over Defendant Stratis based upon the following: (a) it is a corporation duly organized pursuant to the laws of the State of Nevada; (b) it has its principal place of business in Las Vegas, Nevada; (c) it operates websites on the Internet that are accessible to residents of the State of Nevada; and (d) Defendant Stratis committed tortious acts that it knew or should have known would cause injury to Plaintiff BBIP in the State of Nevada.

4.     Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) and (c).  Venue lies in the unofficial Southern Division of this Court.

**PARTIES**

5.     Plaintiff BangBros.com, Inc., is a Florida corporation that owns and operates the well-known Bang Bros. adult entertainment websites.   Plaintiff BBIP, LLC, as the intellectual property holding entity of BangBros.com, Inc., is the registrant of the well-

Randazza
Legal Group
6525 W. Warm Springs
Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

- 2 -

known and distinctive BANG BROS mark with the United States Patent and Trademark Office (the "USPTO").

6. Defendant Jay Thomas is an individual who, upon information and belief, resides in Las Vegas, Nevada.

7. Defendant Stratis is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

**ALLEGATIONS COMMON TO ALL COUNTS**

8. BangBros is the owner of the domain names <BangBros.com> and <BangBros.net>, among others, and operates several well-known adult-oriented entertainment websites using the BANG BROS trademarks.

9. Since at least 2002, BangBros has used the BANG BROS trademarks in connection with offering and advertising its adult-oriented entertainment services throughout the United States and around the world.

10. The BANG BROS name and mark is among the most respected and recognized in the adult entertainment industry. BangBros has spent millions of dollars to advertise and promote its marks in print and broadcast media and on the Internet through its websites, which are accessible throughout the United States and around the world.

11. Plaintiff BBIP is the owner of, among others, the mark BANG BROS, which has been granted federal mark registrations, including but not limited to:

    (a) BANGBROS (U.S. Reg. No. 2,923,488) for entertainment services, namely, providing images, graphics, video, photographs, and text in the field of adult entertainment via a global computer network;

    (b) BANG BROS NETWORK (U.S. Reg. No. 3,751,866) for entertainment services, namely, providing images, graphics, video,

Randazza Legal Group
6525 W. Warm Springs Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

photographs, and text in the field of adult entertainment via a global computer network; and

(c) BANG BROS WORLD WIDE (U.S. Reg. No. 3,751,869) for entertainment services, namely, providing images, graphics, video, photographs, and text in the field of adult entertainment via a global computer network.

None of these federal trademark registrations has been abandoned, canceled, or revoked.

12. Based upon its federal trademark registrations and exclusive use, BangBros owns the exclusive right to use its BANG BROS marks in connection with adult-oriented entertainment services.

13. The uniqueness and the extensive advertising and promotion of the BANG BROS marks have resulted in the name and marks being distinctive and famous for adult-oriented entertainment services.

14. Defendants Jay Thomas and Stratis are affiliate advertisers for BangBros who refer potential customers to Plaintiffs' <BangBros.com> websites.  Their affiliate agreement with BangBros strictly forbids them from registering domain names containing identical or confusingly similar variations of Plaintiffs' trademarks without permission from BangBros.

15. Defendants Jay Thomas and Stratis registered the <BangBross.com> Internet domain name (the "Infringing Domain Name") with Moniker Online Services, a registrar for domain names.

16. Defendants Thomas and Stratis used the name "Domain Admin" for the registrant of the <BangBross.com> domain name and used Moniker Online Services' Whois privacy service to further disguise themselves as the true owners of the domain name registration.

17.     Upon information and belief, Defendants Thomas and Stratis provided false registration information and used a Whois privacy service because they were fully aware that their conduct infringed upon Plaintiffs' BANG BROS trademark and breached their affiliate agreement.

18.     The Infringing Domain Name registered by Thomas and Stratis contains the entirety of Plaintiffs' distinctive BANG BROS mark coupled with an additional letter "s" and is designed to redirect and capitalize upon Internet users inadvertently misspelling Plaintiffs' <BangBros.com> domain name when trying to reach Plaintiffs' website.

19.     Sometime after registration of the Infringing Domain Name, Defendants Thomas and Stratis linked the <BangBross.com> Infringing Domain Name to an interactive website that contained adult entertainment or, alternatively, links to adult entertainment confusingly similar to the adult entertainment services offered by Plaintiffs under their distinctive BANG BROS marks.

20.     Plaintiffs contacted Defendants Thomas and Stratis and requested that Defendants transfer the Infringing Domain Name to BangBros, its proper registrant.

21.     Defendants Thomas and StratisSee refused and stated that they would not transfer the Infringing Domain Name to Plaintiffs unless Plaintiffs agreed to pay them tens of thousands of dollars.

22.     After Plaintiffs contacted Defendants, Defendants removed all content from the website associated with the Infringing Domain Name.

23.     By registering and/or using the Infringing Domain Name containing Plaintiffs' marks, Defendants were and are attempting to trade on the goodwill of Plaintiffs.

24.     By registering and/or using the Infringing Domain Name containing Plaintiffs' marks, Defendants were and are attempting to create an association between the Infringing Domain Name and Plaintiffs' distinctive marks.

Randazza Legal Group
6525 W. Warm Springs Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

25. Plaintiffs' marks at issue in this case were distinctive at the time Defendants registered the Infringing Domain Name.

26. Upon information and belief, Defendants registered the Infringing Domain Name with the bad-faith intent to profit from Plaintiffs' marks.

27. Defendants have no trademark or other intellectual property rights in the Infringing Domain Name.

28. Defendants had no prior use of the Infringing Domain Name in connection with the bona fide offering of any goods or services.

29. Defendants intended to divert customers from Plaintiffs' websites to a site accessible under the Infringing Domain Name in a manner that could harm the goodwill represented by Plaintiffs' marks.

30. Defendants did not believe or have reasonable grounds to believe that the use of the Infringing Domain Name was a fair use or otherwise lawful.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Cybersquatting – 28 U.S.C. § 1125(d))**

31. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

32. Defendants have registered, trafficked in, and/or used a domain name that is identical or confusingly similar to Plaintiffs' trademarks, which were distinctive at the time of registration of the Infringing Domain Name.

33. Upon information and belief, Defendants have a bad-faith intent to profit from Plaintiffs' trademarks.

Randazza Legal Group
6525 W. Warm Springs Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

34.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## SECOND CLAIM FOR RELIEF

## (Trademark Infringement – 28 U.S.C. § 1114)

35.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

36.     Defendants used and/or are using in commerce a domain name that contains Plaintiffs' trademarks and, thus, is confusingly similar to Plaintiffs' name and trademarks.

37.     Defendants' use in commerce of Plaintiffs' marks and/or marks confusingly similar to Plaintiffs' trademarks for Defendants' services and Defendants' use of an Internet domain name and associated website constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiffs' trademarks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

38.     By using Plaintiffs' marks and/or marks confusingly similar to Plaintiffs' trademarks with knowledge that Plaintiffs own, have used, and continue to use their trademarks in the United States and around the world, Defendants have intended to cause confusion, cause mistake, or deceive consumers.

39.     Defendants are using marks identical and/or confusingly similar to Plaintiffs' trademarks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection or association with Plaintiffs or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiffs.

40.     Defendants' use of Plaintiffs' marks and/or marks confusingly similar to Plaintiffs' trademarks has created a likelihood of confusion among consumers who may

Randazza
Legal Group
6525 W. Warm Springs
Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

- 7 -

falsely believe that Defendants' business or website are associated with Plaintiffs' business or that Plaintiffs sponsor or approve of Defendants' services or commercial activities.

41. As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition – 28 U.S.C. § 1125(a))

42. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

43. Defendants used and/or are using in commerce an Infringing Domain Name that contains Plaintiffs' trademarks and, thus, is confusingly similar to Plaintiffs' name and trademarks.

44. Defendants' use in commerce of Plaintiffs' marks and/or marks confusingly similar to Plaintiffs' trademarks for Defendants' services constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiffs' trademarks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

45. By using Plaintiffs' marks and/or marks confusingly similar to Plaintiffs' trademarks with knowledge that Plaintiffs own, have used, and continue to use their trademarks in the United States and around the world, Defendants have intended to cause confusion, cause mistake, or deceive consumers.

46. Defendants are using marks identical and/or confusingly similar to Plaintiffs' trademarks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection or association with Plaintiffs or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiffs.

Randazza Legal Group
6525 W. Warm Springs Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

- 8 -

47.  Defendants' use in commerce of Plaintiffs' marks and/or marks confusingly similar to Plaintiffs' trademarks with knowledge that Plaintiffs own and have used, and continue to use, their trademarks constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Defendants' services and commercial activities.

48.  As a direct and proximate result of such unfair competition, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

49.  Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

50.  By virtue of having used and continuing to use its trademarks, Plaintiffs have acquired common law rights in those marks.

51.  Defendants' use of marks identical and/or confusingly similar to Plaintiffs' trademarks infringes Plaintiffs' common law rights in its trademarks, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' services, websites, and/or Internet domain names originate from, or are affiliated with or endorsed by Plaintiffs when, in fact, they are not.

52.  As a direct and proximate result of Defendants' infringement of Plaintiffs' common law trademark rights under Nevada and other common law, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

**FIFTH CLAIM FOR RELIEF**

**(Deceptive Trade Practices – N.R.S. § 598.0915)**

53. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

54. Upon information and belief, in the course of conducting their business, Defendants knowingly made false statements as to affiliation, connection, and/or association with Plaintiffs by using marks confusingly similar to Plaintiffs' trademarks and otherwise engaged in deceptive trade practices.

55. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

**SIXTH CLAIM FOR RELIEF**

**(Intentional Interference with Prospective Economic Advantage)**

56. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

57. Upon information and belief, at the time Defendant adopted and began using Plaintiffs' names and marks and since that time, Defendants knew and have known that Plaintiffs are in the business of providing adult entertainment services.

58. Upon information and belief, Defendants committed acts intended or designed to disrupt Plaintiffs' prospective economic advantage arising from advertising and/or providing these services.

59. Defendants' actions have disrupted or are intended to disrupt Plaintiffs' business by, among other things, diverting Internet users way from Plaintiffs' websites.

60. Defendants have no legal right, privilege, or justification for their conduct.

Randazza Legal Group
6525 W. Warm Springs Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

61. As a direct and proximate result of Defendants' intentional interference with Plaintiffs' prospective economic advantage, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury.

62. Based upon the intentional, willful, and malicious nature of Defendants' actions, Plaintiffs are entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action.

## SEVENTH CLAIM FOR RELIEF

### (Breach of Contract)

63. Plaintiffs incorporate the allegations in the preceding paragraphs as if set forth fully herein.

64. Pursuant to the terms and conditions for affiliates, Defendants Thomas and Stratis were not permitted to register domain names that contained Plaintiffs' trademarks.

65. BangBros has performed all of its required obligations, covenants, and conditions pursuant to the affiliate agreement with Defendants, except for those obligations, covenants, and conditions from which it has been lawfully excused from performing.

66. Defendants have breached the affiliate agreement by registering the Infringing Domain Name.

67. As a direct, proximate, and legal result of Defendants' breaches of contract, Plaintiffs has been injured in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs BangBros.com, Inc., and BBIP, LLC, respectfully pray that the Court grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendants, their respective officers, agents, servants, employees, and/or all persons acting in concert or participation with them, or any of them, from: (1) using Plaintiffs' trademarks or confusingly

Randazza Legal Group
6525 W. Warm Springs Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs, in commerce or in connection with any business or for any other purpose (including but not limited to on websites and in domain names); and (2) registering, owning, leasing, selling, or trafficking in any domain names containing Plaintiffs' trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases, or designs;

    B.    A preliminary and permanent injunction requiring the current domain name registrar to transfer the <BangBross.com> domain name to Plaintiffs;

    C.    An award of compensatory, consequential, statutory, and punitive damages to Plaintiffs in an amount to be determined at trial;

    D.    An award of interest, costs, and attorneys' fees incurred by Plaintiffs in prosecuting this action; and

    E.    All other relief to which Plaintiffs are entitled.

Dated July 26th, 2012

Respectfully Submitted,

RANDAZZA LEGAL GROUP

_____
Marc J. Randazza
Ronald D. Green

Attorneys for Plaintiffs,
*BangBros.com, Inc., and*
*BBIP, LLC*

Randazza Legal Group
6525 W. Warm Springs Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113